UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATIF R. EVANS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BOARD OF PAROLE HEARINGS<br>(BPH), et al.,<br><br>　　　　Respondents. | 1:11-cv—01424-SKO-HC<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR DISCOVERY (DOC. 9)<br><br>ORDER DIRECTING RESPONDENT TO FILE OPPOSITION OR NOTICE OF NON-OPPOSITION TO THE MOTION FOR DISCOVERY AT THE TIME THE RESPONSE TO THE PETITION IS FILED<br><br>ORDER PERMITTING PETITIONER TO FILE A REPLY TO ANY OPPOSITION TO THE MOTION NO LATER THAN THIRTY (30) DAYS AFTER THE FILING OF ANY OPPOSITION |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's motion for discovery filed on September 7, 2011.

　　In the petition filed on August 25, 2011, Petitioner raises due process and other claims relating to the revocation of his parole.  In the motion, Petitioner seeks to subpoena all

documents used in his arrest. He also requests a subpoena for unspecified evidence in the file of the prosecutor in Santa Barbara County, where Petitioner's parole was revoked and Petitioner was charged with a criminal offense in connection with the events that precipitated the parole violation, but the prosecutor subsequently dismissed the charges.

"The writ of habeas corpus is not a proceeding in the original criminal prosecution, but an independent civil suit...." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an appeal of a criminal trial. O'Neal v. McAninch, 513 U.S. 440, 442 (1995). A habeas proceeding does not proceed to a regular trial, and unlike a party in other civil litigation, a habeas corpus petitioner is not entitled to broad discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides in pertinent part that a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. Habeas Rule 6(a). Rule 6 further provides that a party requesting discovery must set forth reasons for the request, which must include any proposed interrogatories and requests for admission, and must specify any requested documents. Habeas Rule 6(b).

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of

1  good cause. Bracy, 520 U.S. 899, 904; McDaniel v. United States
2  District Court, 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood,
3  114 F.3d 1002, 1009 (9th Cir. 1997).  Even if a court grants
4  discovery, "the scope and extent of such discovery is a matter
5  confided to the discretion of the District Court."  Bracy, 520
6  U.S. at 909. Courts should not permit a petitioner to "use
7  federal discovery for fishing expeditions to investigate mere
8  speculation." Calderon v. United States Dist. Ct. for the
9  Northern Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir.
10 1996).  "'Habeas corpus is not a general form of relief for those
11 who seek to explore their case in search of its existence.'"
12 Calderon, 98 F.3d at 1106 (quoting Aubut v. State of Maine, 431
13 F.2d 688, 689 (1st Cir. 1970)).  Discovery is appropriate where
14 specific allegations in a verified petition before the Court
15 establish that with respect to an exhausted claim, the petitioner
16 may, if the facts are fully developed, be able to demonstrate
17 that he is entitled to relief.  Harris v. Nelson, 394 U.S. 286,
18 299; Calderon, 98 F.3d at 1106-07 (9th Cir. 1996).
19      Here, Petitioner alleged that he has presented his claims to
20 the California courts which denied his petition.  (Pet. 2.)  It
21 thus appears that Petitioner's claims have been adjudicated on
22 the merits by the state courts.  Therefore, the petition is
23 subject to 28 U.S.C. § 2254(d)(1), which limits relief on claims
24 previously adjudicated on the merits.
25      As to claims previously decided on the merits by a state
26 court, this Court's "review under § 2254(d)(1) is limited to the
27 record that was before the state court that adjudicated the claim
28 on the merits."  Cullen v. Pinholster, 563 U.S. --, 131 S.Ct.

1388, 1398 (2011).  Evidence later introduced in federal court is irrelevant to review undertaken pursuant to § 2254(d)(1).  Id. at 1400.  Where a petitioner fails to demonstrate that the adjudication of his claim based on the state court record resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, the Court's analysis is concluded, and it is barred from considering evidence submitted in the district court.  Id. at 1411.  Therefore, because evidence beyond the state court record generally may not be considered as to previously adjudicated claims before a petitioner shows entitlement to relief pursuant to § 2254(d)(1), an evidentiary hearing is not appropriate until after a determination under § 2254(d)(1) is made as to the claims.

Where a petitioner is not entitled to an evidentiary hearing as to a claim, discovery on such a claim would be futile.  Kemp v. Ryan, 638 F.3d 1245, 1260 (9th Cir. 2011).

In the present case, Respondent has been ordered to file a response to the petition which is not due until October 30, 2011. The response has not yet been filed and Petitioner has not filed a traverse.  Thus, it is premature for the Court to attempt to conduct a review of the previously adjudicated claims pursuant to § 2254(d)(1).

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Review of the petition must proceed in an

4

orderly fashion and with care to conserve the resources of the Court and the parties.

In view of the preliminary stage of the proceedings in this action, the Court exercises its discretion to DEFER consideration of the Petitioner's motion for discovery until the merits of the affected claims are considered.

Respondent is DIRECTED to file any opposition to Petitioner's motion for discovery when the response to the petition is filed.  Petitioner MAY file a reply to any opposition to the motion thirty (30) days after the date any opposition to the discovery motion is filed.

IT IS SO ORDERED.

**Dated:   September 8, 2011**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE