UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATIF R. EVANS, | 1:11-cv-01424-LJO-SKO  (HC) |
| Petitioner, | |
| vs. | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| HARTLEY, | (DOCUMENT #20) |
| Respondent. | |

On September 15, 2011, the Court denied Petitioner's motion for appointment of counsel on the ground that the interests of justice did not require appointment of counsel. On September 26, 2011, Petitioner filed a motion for reconsideration, which was denied on October 3, 2011. On October 12, 2011, Petitioner filed a document entitled, "Objections to Denial of Reconsideration of Appointment of Counsel, Order to Vacate and Reverse," in which Petitioner reiterated his argument that counsel should be appointed for him to file a traverse. Petitioner did not indicate that he sought reconsideration by the District Judge as is required by Local Rule 303(c) if the motion is directed to the District Judge. Accordingly, the Court understands the present motion to be directed to the Magistrate Judge.

Petitioner's motion is in effect his second motion for reconsideration of his motion for the appointment of counsel.

///

A.  <u>Standards for Appointment of Counsel</u>

There exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>e.g.</u>, <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir. 1958), <u>cert.</u> <u>denied</u>, 358 U.S. 889 (1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir. 1984), <u>cert.</u> <u>denied</u>, 469 U.S. 823 (1984).

A Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it.  18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases.  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved.  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

B.  <u>Relief pursuant to Fed. R. Civ. P. 59(e)</u>

Motions for reconsideration may be considered pursuant to the standards of Fed. R. Civ. P. 59(e) or 60(b).  <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1130 (E.D. Cal. 2001).  The Court will assume that Rules 59(e) and 60(b) apply to Petitioner's motion.

Petitioner does not appear to state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes.  <u>School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such a motion must provide a valid ground for reconsideration.  <u>See</u>, <u>MCIC Indemnity Corp. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986).

Here, there has been no demonstration of unusual circumstances, newly discovered evidence, or intervening change in controlling law.  The denial of Petitioner's motion was not clearly erroneous; Petitioner's alleged denial of a right to counsel at a point in criminal proceedings at which he had a constitutional right to counsel does not bear upon the likelihood of his success in this proceeding, in which no answer has yet been filed, and it has not yet been determined whether an evidentiary hearing will take place.  There is no showing that the

interests of justice require the appointment of counsel.

### C. Relief pursuant to Fed. R. Civ. P. 60

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order.  Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005).  Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored.  A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and redetermine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice.  Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought,

including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, Petitioner has not shown any facts or law that reflect any abuse of discretion, clear error, or manifest injustice.  Further, Petitioner has not complied with the requirements of Local Rule 230(j).

Therefore, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     October 20, 2011**                    /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE