UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LATIF R. EVANS, | ) | 1:11-cv—1424-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PETITIONER'S MOTION FOR |
| | ) | DEFAULT JUDGMENT |
| v. | ) | (DOC. 24) |
| | ) | |
| HARTLEY, Warden, Avenal State | ) | DEADLINE FOR FILING OBJECTIONS: |
| Prison, | ) | THIRTY (30) DAYS AFTER THE DATE |
| | ) | OF SERVICE OF THIS ORDER |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Petitioner's motion for an order to expedite his immediate release, which the Court understands to be Petitioner's motion for default judgment. The motion was filed on November 2, 2011.

   I. Background

   On August 30, 2011, the Court directed Respondent to file a response to the petition no later than sixty days after service

1

of the order. On October 28, 2011, Respondent served by mail on Petitioner and timely filed in this Court a motion for an extension of time to file the response to the petition. On November 1, 2011, the Court granted the motion and extended the time for filing the response to the petition for thirty days from service of the order, or until on or about December 5, 2011. On November 2, 2011, Petitioner filed a motion for immediate release from custody based on what Petitioner perceived to have been Respondent's failure to file a timely response to the petition. The Court understands this motion to constitute a motion for the entry of a default judgment.

Respondent has not responded to the motion for default judgment. However, the pertinent facts are clear from the documents filed in this case.[1] The Court finds that the motion is ready for decision.

II.  Motion for Default Judgment

Here, as detailed above, Respondent timely requested, and was granted, an extension of time to respond to the petition. The Court thus finds that there has been no inappropriate delay on the part of Respondent in responding to the petition or other failure by Respondent to comply with the Court's order to respond. Accordingly, Petitioner is not entitled to entry of a default judgment based on delay.

Further, a petitioner is not entitled to a default judgment where a respondent fails to respond to a petition for writ of

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

2

habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require. It is established that it is the petitioner's burden to show that he is in custody in violation of the laws of the United States. <u>Miller-El v. Cockrell</u>, 537 US. 322, 358 n. 3 (2003). A failure by state officials to comply timely with a deadline set by the Court does not relieve Petitioner of the burden of proof or entitle him to entry of a default or a default judgment. <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir. 1990); <u>see also</u> <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (no entitlement to default judgment because of an untimely response); <u>United States ex rel. Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir. 1974) (late filing of a motion to dismiss did not entitle a petitioner to entry of default); <u>Bermudez v. Reid</u>, 733 F.2d 18, 21 (2nd Cir. 1984) (late filing of an answer did not justify default judgment).

III. <u>Recommendation</u>

Accordingly, pursuant to the foregoing, it is RECOMMENDED that Petitioner's application for default judgment be DENIED.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections

with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 9, 2011**                            /s/ Sheila K. Oberto
                                                                            UNITED STATES MAGISTRATE JUDGE