# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATIF R. EVANS,<br><br>               Petitioner,<br><br>   v.<br><br>BOARD OF PAROLE HEARINGS<br>(BPH), et al.,<br><br>            Respondents. | 1:11-cv—01424-LJO-SKO-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE<br>NO LATER THAN THIRTY (30) DAYS<br>AFTER SERVICE OF THIS ORDER WHY<br>THE PETITION SHOULD NOT BE<br>DISMISSED AS MOOT (DOCS. 1, 28)<br><br>ORDER PERMITTING RESPONDENT TO<br>FILE NO LATER THAN FOURTEEN (14)<br>DAYS AFTER SERVICE A REPLY TO<br>PETITIONER'S RESPONSE TO THE<br>ORDER TO SHOW CAUSE RE: MOOTNESS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.

In the petition, Petitioner challenges procedures used in a parole revocation proceeding.  Respondent filed an answer to the petition on November 22, 2011, addressing the merits of the petition, which was filed at a time when Petitioner was an inmate of the Avenal State Prison.  However, on November 22, 2011, Petitioner filed a notice of change of address in which he listed an address in Goleta, California.  It does not appear that

1

1  Petitioner remains in custody, and thus it appears that
2  Petitioner has been released from prison on parole.

3    Federal courts lack jurisdiction to decide cases that are moot
4  because the courts' constitutional authority extends to only
5  actual cases or controversies.  Iron Arrow Honor Society v.
6  Heckler, 464 U.S. 67, 70-71 (1983).  Article III requires a case
7  or controversy in which a litigant has a personal stake in the
8  outcome of the suit throughout all stages of federal judicial
9  proceedings and has suffered some actual injury that can be
10 redressed by a favorable judicial decision.  Id.  A petition for
11 writ of habeas corpus becomes moot when it no longer presents a
12 case or controversy under Article III, § 2 of the Constitution.
13 Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  A petition
14 for writ of habeas corpus is moot where a petitioner's claim for
15 relief cannot be redressed by a favorable decision of the court
16 issuing a writ of habeas corpus.  Burnett v. Lampert, 432 F.3d
17 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S.
18 1, 7 (1998)).  Mootness is jurisdictional.  See, Cole v. Oroville
19 Union High School District, 228 F.3d 1092, 1098-99 (9th Cir.
20 2000).  Thus, a moot petition must be dismissed because nothing
21 remains before the Court to be remedied.  Spencer v. Kemna, 523
22 U.S. at 18.

23    A case becomes moot because of the absence of an actual case
24 or controversy where the petitioner no longer suffers or
25 anticipates an injury traceable to the respondent which is likely
26 to be redressed by a judicial decision.  Spencer v. Kemna, 523
27 U.S. at 11.  Although it is presumed that a criminal conviction
28 has collateral consequences which prevent the release of the

convicted person from rendering a challenge to a judgment or
sentence moot, this presumption of consequences does not apply in
the context of a parolee's claim concerning parole revocation.
Id. at 12-14.  To show that a complaint concerning parole
revocation proceedings is not mooted by the prisoner's release
from custody, the petitioner, as the party seeking the exercise
of jurisdiction, must show that specific, concrete, collateral
consequences affirmatively appear in the record.  Id. at 13-14.

In Spencer v. Kemna, the Court found the following
circumstances speculative and insufficient to demonstrate the
necessary consequences from a parole revocation: 1) possible
consideration in a later parole proceeding as one of many factors
considered in the discretion of the parole authority, 2) possible
use to increase a sentence in future discretionary sentencing
decisions in criminal proceedings; and 3) potential use to
impeach the prisoner as a witness or as direct proof in a
criminal proceeding.  Id. at 13-18.  In Burnett v. Lampert, 432
F.3d 996, 999-1001, the court concluded that the petitioner's
release on parole had mooted the petitioner's claim that his
parole date had been unlawfully delayed despite his subsequent
re-incarceration because the "actual injury traceable to the
[state] for which [petitioner] seeks relief cannot be redressed
by a favorable decision of the court issuing a writ of habeas
corpus").

Accordingly, it is ORDERED that no later than thirty (30)
days after the date of service of this order, Petitioner show
cause why the Court should not dismiss the petition for mootness.

Respondent may FILE a reply to Petitioner's response to this order to show cause no later than fourteen (14) days after the date of service of Petitioner's response.

Petitioner is INFORMED that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110, and it will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

**Dated:     December 9, 2011              /s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE