UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATIF R. EVANS, | ) 1:11-cv—01424-LJO-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR RECONSIDERATION OF MOTION FOR |
| | ) APPOINTMENT OF COUNSEL |
| v. | ) (Doc. 26) |
| | ) |
| BOARD OF PAROLE HEARINGS (BPH), et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion for reconsideration of the Magistrate Judge's denial of Petitioner's motion for appointment of counsel. The motion for reconsideration was filed on November 16, 2011.

I. Background

In the petition, Petitioner, who was a state prisoner at the time the petition was filed, challenges the revocation of his

1

state parole which resulted from Petitioner's having committed one count of assault with a deadly weapon in violation of Cal. Pen. Code § 245.  Petitioner challenges the reliance of the parole authorities on police reports and the reliability of police reports and witnesses' versions of the assault; further, he complains of an alleged denial of his right to confront the writers of the reports.

Respondent filed an answer to the petition on November 22, 2011.  After Petitioner filed on the same date a notice of change of address which appears to indicate that Petitioner has been released from custody, the Court solicited briefing from both parties as to whether or not the petition has been rendered moot.  The briefing has not yet been filed.

With respect to Petitioner's previous applications for the appointment of counsel, in his motion filed on September 13, 2011, Petitioner argued that he was entitled to counsel because of the need for the Court to have input on matters relating to this proceeding in addition to the attorney general's presentation, the presence of a statute that provides for the appointment of counsel for federal parolees, and the complexity of Petitioner's case.  The Court denied the motion without prejudice because the Court did not find that the interests of justice required the appointment of counsel.

In a motion for reconsideration filed by Petitioner on September 26, 2011, Petitioner argued that California's Board of Parole Hearings (BPH) was required to give Petitioner counsel, and thus Petitioner was entitled to counsel in his habeas proceeding before this Court.  The motion was denied for the same

reason as the first motion for appointment of counsel.

Subsequently, the Court construed Petitioner's objections to the ruling as a motion for reconsideration and denied the motion, concluding that Petitioner had not stated grounds under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), and further noting that Petitioner had not complied with Local Rule 230(j) by setting forth new or different facts or circumstances, or additional grounds for the motion.

In the present twenty-page motion for reconsideration by the District Judge, Petitioner argues the following: 1) he needs counsel to explain the applicable federal rules; 2) federal decisions require counsel in all parole matters before the BPH, including the instant federal proceeding for a writ of habeas corpus; 3) unspecified highly unusual circumstances, clear error by the BPH, and a change in the controlling law; and 4) counsel will be needed to help Petitioner file a traverse, which Petitioner describes as a "critical stage" of the proceedings. (Doc. 26, 6, 8, 11, 16.)

II. <u>Analysis</u>

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a satisfied judgment; or 6) any other reason that justifies relief from the judgment. Fed. R. Civ. P. 60(b). Motions to reconsider are committed to the discretion of the trial court.

3

1  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987);
2  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To
3  succeed, a party must set forth facts or law of a strongly
4  convincing nature to induce the Court to reverse its prior
5  decision.  See, e.g., Kern-Tulare Water Dist. v. City of
6  Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part
7  and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987),
8  cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has stated
9  that "[c]lause 60(b)(6) is residual and 'must be read as being
10 exclusive of the preceding clauses.'"  LaFarge Conseils et
11 Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir.
12 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th
13 Cir. 1981)).  Accordingly, "the clause is reserved for
14 'extraordinary circumstances.'" Id.
15      Further, when filing a motion for reconsideration, Local
16 Rule 230(j) requires a party to show the "what new or different
17 facts or circumstances are claimed to exist which did not exist
18 or were not shown upon such prior motion, or what other grounds
19 exist for the motion," as well as "why the facts or circumstances
20 were not shown at the time of the prior motion."
21      Here, Petitioner has not established any basis for relief
22 pursuant to Fed. R. Civ. P. 60(b) with respect to the Court's
23 denial of Petitioner's motion for appointment of counsel.
24 Noncapital defendants have no right to the appointment of counsel
25 in federal habeas proceedings.  McFarland v. Scott, 512 U.S. 849,
26 857 n.3 (1994); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.
27 2002).  A Magistrate Judge may appoint counsel at any stage of a
28 habeas corpus proceeding if the interests of justice require it.

4

18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases.  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims <u>pro se</u> in light of the complexity of the of the legal issues involved.  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner's case is not complex.  Petitioner has not shown any extraordinary circumstances, changed facts or circumstances, or other grounds for relief.

Accordingly, Petitioner's motion for reconsideration of his motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:     December 13, 2011**                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE