UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATIF R. EVANS,<br><br>        Petitioner,<br><br>   v.<br><br>BOARD OF PAROLE HEARINGS (BPH), et al.,<br><br>        Respondents. | 1:11-cv-01424-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION AS MOOT (DOC. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DIRECT THE CLERK TO CLOSE THE CASE AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 304. Pending before the Court are the petition, which was filed on August 25, 2011, and the Court's order to Petitioner to show cause why the petition should not be dismissed as moot, which was served by mail on Petitioner on December 12, 2011.

I. Background

In the petition, Petitioner challenges procedures used in a parole revocation proceeding. Respondent filed an answer to the

1

petition on November 22, 2011, addressing the merits of the petition, which was filed when Petitioner was an inmate of the Avenal State Prison. However, on November 22, 2011, Petitioner filed a notice of change of address in which he listed an address in Goleta, California, which did not appear to be a custodial institution. Petitioner has not responded to the Court's order to show cause, which was served on December 12, 2011, and which granted Petitioner thirty (30) days in which to respond to the Court's concern that the petition had been rendered moot by Petitioner's release on parole.

## II. Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir.

2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although it is presumed that a criminal conviction has collateral consequences which prevent the release of the convicted person from rendering a challenge to a judgment or sentence moot, this presumption of consequences does not apply in the context of a parolee's claim concerning parole revocation. Id. at 12-14. To show that a complaint concerning parole revocation proceedings is not mooted by the prisoner's release from custody, the petitioner, as the party seeking the exercise of jurisdiction, must show that specific, concrete, collateral consequences affirmatively appear in the record. Id. at 13-14.

In Spencer v. Kemna, the Court found the following circumstances speculative and insufficient to demonstrate the necessary consequences from a parole revocation: 1) possible consideration of the parole revocation in a later parole proceeding as one of many factors considered in the discretion of the parole authority, 2) possible use to increase a sentence in future discretionary sentencing decisions in criminal proceedings; and 3) potential use to impeach the prisoner as a witness or as direct proof in a criminal proceeding. Id. at 13-18. In Burnett v. Lampert, 432 F.3d 996, 999–1001, the court concluded that the petitioner's release on parole had mooted the

3

1 petitioner's claim that his parole date had been unlawfully
2 delayed despite his subsequent re-incarceration because the
3 "actual injury traceable to the [state] for which [petitioner]
4 seeks relief cannot be redressed by a favorable decision of the
5 court issuing a writ of habeas corpus". Id.

6 Here, the record is devoid of any showing of any specific,
7 concrete, collateral consequences that would result from the
8 parole determination challenged in the petition.  Although
9 Petitioner was given ample opportunity to provide the Court with
10 such a showing, Petitioner failed to make the required showing.
11 Accordingly, the Court concludes that the petition has been
12 rendered moot by Petitioner's release.  Because the petition is
13 moot, it must be dismissed.

14 III. Certificate of Appealability

15 Unless a circuit justice or judge issues a certificate of
16 appealability, an appeal may not be taken to the Court of Appeals
17 from the final order in a habeas proceeding in which the
18 detention complained of arises out of process issued by a state
19 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
20 U.S. 322, 336 (2003).  A certificate of appealability may issue
21 only if the applicant makes a substantial showing of the denial
22 of a constitutional right.  § 2253(c)(2).  Under this standard, a
23 petitioner must show that reasonable jurists could debate whether
24 the petition should have been resolved in a different manner or
25 that the issues presented were adequate to deserve encouragement
26 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
27 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
28 certificate should issue if the Petitioner shows that jurists of

4

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

IV. Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED as moot; and

2) The Court DECLINE to issue a certificate of appealability; and

1       3)   The Clerk be DIRECTED to close the case because
2  dismissal will terminate the action in its entirety.
3       These findings and recommendations are submitted to the
4  United States District Court Judge assigned to the case, pursuant
5  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
6  the Local Rules of Practice for the United States District Court,
7  Eastern District of California.  Within thirty (30) days after
8  being served with a copy, any party may file written objections
9  with the Court and serve a copy on all parties.  Such a document
10 should be captioned "Objections to Magistrate Judge's Findings
11 and Recommendations."  Replies to the objections shall be served
12 and filed within fourteen (14) days (plus three (3) days if
13 served by mail) after service of the objections.  The Court will
14 then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
15 § 636 (b)(1)(C).  The parties are advised that failure to file
16 objections within the specified time may waive the right to
17 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
18 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.
21 **Dated:   February 20, 2012**                /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

6